IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **K.W. (JUNIOR)** <br> c/o Edward L. Gilbert Co., LPA <br> One Cascade Plaza, Suite 825 <br> Akron, Ohio 44308 <br><br> **K.W. (SENIOR)** <br> c/o Edward L. Gilbert Co., LPA <br> One Cascade Plaza, Suite 825 <br> Akron, Ohio 44308 <br><br> **L.C.** <br> c/o Edward L. Gilbert Co., LPA <br> One Cascade Plaza, Suite 825 <br> Akron, Ohio 44308 <br><br> Plaintiffs, <br><br> v. <br><br> **CANTON CITY SCHOOL DISTRICT** <br> *Official capacity* <br> c/o Jeffery S. Talbert, Superintendent <br> Nadine McIlwain Administrative Center <br> 305 McKinley Avenue NW <br> Canton, OH 44702 <br><br> **CANTON CITY SCHOOL DISTRICT BOARD OF EDUCATION** <br> *Official capacity* <br> c/o John M. Rinaldi, President <br> Nadine McIlwain Administrative Center <br> 305 McKinley Avenue NW <br> Canton, OH 44702 <br><br> **JEFFERY TALBERT** <br> *Official capacity* <br> Nadine McIlwain Administrative Center <br> 305 McKinley Avenue NW <br> Canton, OH 44702 | CASE NO.: <br><br> JUDGE <br><br><br><br> **COMPLAINT** <br> **(Jury Demand Endorsed Herein)** |

1

| | |
|---|---|
| **MARCUS WATTLEY** | ) |
| a.k.a. "Marcus Watley" | ) |
| *Official and individual capacity* | ) |
| C/O THE PATTAKOS LAW FIRM LLC | ) |
| 101 GHENT ROAD | ) |
| FAIRLAWN, OHIO 44333 | ) |
| | ) |
| **FRANK MCLEOD** | ) |
| *Official and individual capacity* | ) |
| 820 LAKEVIEW NW AVE | ) |
| CANTON 44708 | ) |
| | ) |
| **ZACHARY SWEAT** | ) |
| *Official and individual capacity* | ) |
| C/O THE PATTAKOS LAW FIRM LLC | ) |
| 101 GHENT ROAD | ) |
| FAIRLAWN, OHIO 44333 | ) |
| | ) |
| **ROMEO HARRIS** | ) |
| *Official and individual capacity* | ) |
| C/O THE PATTAKOS LAW FIRM LLC | ) |
| 101 GHENT ROAD | ) |
| FAIRLAWN, OHIO 44333 | ) |
| | ) |
| **CADE BRODIE** | ) |
| *Official and individual capacity* | ) |
| C/O THE PATTAKOS LAW FIRM LLC | ) |
| 101 GHENT ROAD | ) |
| FAIRLAWN, OHIO 44333 | ) |
| | ) |
| **TYLER THATCHER** | ) |
| *Official and individual capacity* | ) |
| 1512 GIBBS NE AVE | ) |
| CANTON 44705 | ) |
| | ) |
| **JOSHUA GRIMSLEY** | ) |
| *Official and individual capacity* | ) |
| 215 HARTER NW AVE | ) |
| CANTON 44708 | ) |
| | ) |
|        Defendants. | ) |
| | ) |

2

## PRELIMINARY STATEMENT

1. This is a civil rights action wherein Plaintiffs are alleging a violation of their First Amendment right to exercise freedom of religion.

2. The Plaintiffs further allege that the actions of the Defendants were in violation of the Fourteenth Amendment, in regards to denial of due process and equal protection.

3. Further, the Plaintiffs allege that the actions of the Defendants were antisemitic, thus also race-based[1].

4. Plaintiffs are requesting injunctive relief and damages.

5. The Plaintiffs also allege state claims.

## JURISDICTION AND VENUE

6. Plaintiffs reincorporate the Preliminary Statement by reference as if fully rewritten herein.

7. Jurisdiction of this court is proper, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331, § 1343 and § 1367, as one or more of the above claims are under the Constitution, laws and treaties of the United States.

8. As to the state law claims, said state law claims are part of the same case and controversy under Article III of the United States Constitution.

9. Further, the venue is confirmed under 28 U.S.C. § 1931.

10. Plaintiffs state that all jurisdictional requirements have been met.

---

[1] See Fulton v. W. Brown Loc. Sch. Dist. Bd. of Educ., No. 1:15-CV-53, 2016 WL 6893845, at *6 (S.D. Ohio Nov. 23, 2016); citing Maislin v. Tennessee State Unviersity, 665 F.Supp.2d 922, 931 (M.D. Tenn. 2009) (restating the test outlined in Davis v. Monroe County Bd of Educ., 526 U.S. 629 (1999)). In Peterson v. Ne. Loc. Sch. Dist., No. 3:13CV00187, 2014 WL 2095380, at *1 (S.D. Ohio May 20, 2014), report and recommendation adopted, No. 3:13-CV-187, 2014 WL 4628544 (S.D. Ohio Sept. 15, 2014) and Younger v. Ingersoll-Rand Co., No. 1:10-CV-849, 2013 WL 5467763.

## PARTIES

11. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

12. Plaintiff K.W. (Junior), herein after referred to as "Junior"[2], was a minor and has now turned 18 years of age after the facts that are of issue in this case.

13. Junior is an African-American high school student expected to graduate in June of 2022 (from a high school outside of the Canton School District).

14. Plaintiff K.W. (Senior), herein after referred to as "Senior", is an African-American man and the biological father of Junior, residing in Stark County, Ohio.

15. Plaintiff L.C. ("L.C.") is a Caucasian woman and the biological mother of Junior, residing in Stark County, Ohio.

16. Defendant Canton City School District and Defendant Canton City School District Board of Education ("District/Board"), through its Board Members, are charged with the responsibility of establishing policies and procedures for students in the public school system of Stark County, Ohio

17. Further, as part of the District/Board's responsibility, it hires coaches, administrators and teachers to provide services to the public school system in Stark County, Ohio.

18. The District/Board and its employees are considered "public employees" operating "under the color of state law".

19. Defendants Marcus Wattley ("Wattley"), Frank McLeod ("McLeod"), Zachary Sweat ("Sweat"), Romeo Harris ("Harris"), Cade Brodie ("Brodie"), Tyler Thatcher ("Thatcher") and Josh Grimsley ("Grimsley"), together referred to as "Defendants' Employees", are all public

---

[2] Junior has the same initials as K.W. (Senior); however, their first names are different. For privacy and ease of the Statement of the Facts, counsel will refer to these individuals as "Junior" and "Senior".

decision-maker employees hired by the District/Board to teach, administer and implement policies, approved by the District/Board, in the Canton McKinley High School Football Program.

20. As such, the Defendants' Employees have the authority, through the District/Board, to discipline, supervise, control and order football players to perform certain acts within the football program.

## STATEMENT OF FACTS

21. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

22. Plaintiffs state that Junior (6 feet 5 inches tall and 280 pounds) was a rising senior and star athlete at Canton McKinley High School in Stark County, Ohio.

23. Junior was expected to start for the Canton McKinley Football Team[3] for the academic school year of 2021-2022.

24. Defendants' Employees, led by Head Coach Wattley, established a mandatory off-season weight program[4] that all perspective players were required to attend.

25. On information and belief, the District/Board was fully aware of the weight program and certain violations of the Canton McKinley Football Program; however, routinely ignored such violations.

26. Junior was a member of the Canton McKinley Football Program for approximately 2.5 years.

27. At approximately 10 years of age, Junior and Senior converted to the Hebrew-Israelite religious faith.

---

[3] Junior was expected to play on offense and defense for the team.
[4] Such a mandatory program is a violation of Ohio High School Athletic Association ("OHSAA") rules.

28. This faith strictly prohibits the consumption of pork or pork residue[5].

29. Junior's religious belief is sincere and consistent with the biblical teachings of the Hebrew-Israelite religious faith.

30. During the period of time that he was a member of the Canton McKinley Football Team, Junior made it known, for team luncheons and dinners, that he could not eat pork and other arrangements would be made for non-pork options.

31. Plaintiffs further filed several forms with the District/Board noting Junior "does not eat pork".

32. Defendants' Employees were fully aware of Junior's religious dietary restrictions (non-consumption of pork).

33. On Thursday, May 20th, 2021, as a result of a slight shoulder injury sustained while lifting weights, Junior decided not to appear for the mandatory weight class.

34. On Monday, May 24th, 2021, Junior appeared for the mandatory weight class and was suddenly approached by Coach Wattley and other Defendants' Employees and was told that he would be disciplined for missing the weight program on May 20th.

35. Junior was ordered to go to the gym and sit in the lone chair that was placed in the middle of the gymnasium floor.

36. Junior's teammates (approximately 30 students) were ordered by Defendants' Employees to carry 40-pound weights and walk around the perimeter of the gym, surrounding Junior.

37. Defendants' Employees gave Junior a large pork pepperoni pizza and ordered Junior to eat the entire pizza as punishment for failing to appear on May 20th, 2021.

38. Junior objected and reminded Defendants' Employees that he does not eat pork, due to his religious beliefs.

---

[5] See Bible, Leviticus 11:1-47, Isiah 66:17 and Deuteronomy 14:8.

39. In fact, Junior kicked the pizza box away from him, refusing to touch the pork pepperoni pizza (this incident was caught by security footage).

40. Defendants' Employees retrieved the pizza box and again ordered Junior to eat the pork pepperoni pizza, in violation of his religion.

41. Junior stated a minimum of ten times that he did not eat pork or pork residue.

42. At this point, Defendants' Employees then stated that Junior could remove the pork pepperoni slices; however, the residue was clearly still covering the pizza and Junior continued to object.

43. Defendants' Employees ordered Junior to eat the balance of the pizza or stated that his tenure on the Canton McKinley Football Team would be in jeopardy[6].

44. Meanwhile, Junior's teammates were forced by Defendants' Employees to circle the gym, perform strength exercises with the 40-pound weights and practice running/sprinting drills and were not allowed to stop until Junior finished the entire pizza.

45. Junior was subject to threats from his teammates if he did not eat the pizza quickly (again, these facts can be verified by security footage).

46. Junior, against his religious beliefs, was forced to eat the pork grease pizza.

47. Immediately after, Junior was punished further by Defendants' Employees and was forced to run up and down the football field and practice "duck walks".

48. According to Defendants' Employees' own statements, they had previously and routinely punished their football players by requiring them to eat miscellaneous products for breaking rules and regulations of the football team.

---

[6] Junior was already being recruited by several Division 1 colleges. Therefore, removal from the team would place his entire future in jeopardy.

49. Plaintiffs state that the District/Board was aware of this practice and failed to correct the past action of the Defendants' Employees.

50. All Defendants were deliberately indifferent to the rights of the Plaintiffs.

51. Senior and L.C. became aware of this discipline and were outraged by the action of the Board/District and Defendants' Employees.

52. Senior and L.C. raised questions as to the District/Board's policy and procedure that would routinely allow for this kind of punishment by Defendants' Employees.

53. The District/Board was then pressured into an investigation, and at which time, the above facts were confirmed.

54. The Defendants' Employees' actions were foreseeable.

55. On or about June 3rd, 2021, the Defendants' Employees were terminated from their positions.

56. Junior became the subject of threats and ridicule from his teammates and the general public.

57. Junior was forced to enroll in a different school and football program more than 100 miles from the City of Canton due to concerns for his physical safety and mental well-being.

58. Plaintiffs' injuries were severe and pervasive.

59. Plaintiffs state that the District/Board and Defendants' Employees acted in bad faith, with actual malice, recklessness, and with wanton, blatant disregard of Plaintiffs' rights thereby causing significant mental, physical and financial damages to Junior, Senior and L.C..

## FIRST CAUSE OF ACTION
### (1ST AMENDMENT OF U.S. CONSTITUTION)

60. Plaintiffs incorporate by reference the allegations set forth above as if fully rewritten herein.

61. Plaintiffs have the right to personal security and body integrity.

62. The First Amendment to the U.S. Constitution states in part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.".

63. All Defendants were fully aware of Junior's religious beliefs; however, Defendants established practices and implemented actions that were antisemitic and/or in direct violation of Plaintiffs' sincere religious beliefs. therefore violating 42 U.S.C. § 1983.

64. **WHEREFORE**, Plaintiffs demand compensatory damages of $3,000,000.00 and punitive damages of $1,000,000.00 to be jointly and severely paid by all Defendants. Plaintiff further requests injunctive relief, emotional pain, suffering, inconvenience, mental anguish, attorney fees, costs and any other legal or equitable relief as this Honorable Court deems fair and equitable.

### SECOND CAUSE OF ACTION
### (1ST AND 14TH AMENDMENT VIOLATIONS BASED ON RACE)

65. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

66. On information and belief, some of the Defendants believe Plaintiffs' Jewish/Hebrew-Israelite beliefs are based on race, not based on religion.

67. Regardless of whether Defendants' actions were based on religion or race, the actions were still an antisemitic and shameful act.

68. Plaintiffs state that the antisemitic actions of the Defendants is a violation of the First and Fourteenth Amendments to the U.S. Constitution based on race-based harassment in violation of 42 U.S.C. § 1983.

69. **WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiffs demand compensatory damages of $2,000,000.00, punitive damages of $500,000.00, appropriate equitable relief, attorney fees, costs, injunctive relief and any other legal relief as this Court deems fair and equitable.

## THIRD CAUSE OF ACTION
## (JUNIOR 14TH AMENDMENT OF U.S. CONSTITUTION)

70. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

71. Plaintiffs state that the actions of the Defendants were violations to the 14th Amendment of the U.S. Constitution by depriving Plaintiff Junior of his rights and privileges of citizenship without due process of law or without providing equal protection.

72. Plaintiffs state that but for Junior's objections to eating pork, he would not have been subject to the unfair and inappropriate actions of the Defendants.

73. Plaintiffs state that Junior has a constitutional right to personal security and body integrity.

74. **WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiffs demand compensatory damages of $2,000,000.00, punitive damages of $1,000,000.00, attorney fees, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## FOURTH CAUSE OF ACTION
## (SENIOR AND L.C. 14TH AMENDMENT OF U.S. CONSTITUTION)

75. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

76. Senior and L.C. were forced to transfer their son to another school district, causing great financial hardship and separating the family.

77. Defendants' actions were in violation of the 14th Amendment right to due process and equal protection.

78. **WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiffs demand compensatory damages and reimbursement in the amount of $200,000.00, punitive damages of $100,000.00, appropriate equitable relief, attorney fees, costs, and any other relief as this Court deems fair and equitable.

## FIFTH CAUSE OF ACTION
### (FAILURE TO TRAIN UNDER MONELL CASE, 42 U.S.C. § 1983)

79. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

80. Plaintiffs state the District/Board established policy, procedure and custom of allowing Defendants' Employees to punish student athletes by forcing Junior to eat product inconsistent with his dietary requirements and religious beliefs.

81. Said actionable harassment was foreseeable and deliberately indifferent to the rights of Junior.

82. The District/Board failed to properly train or teach Defendants' Employees respect dietary restrictions and religious beliefs.

83. As a result of failure to train, supervise and monitor Defendants' Employees, Junior suffered substantial permanent injury.

84. **WHEREFORE**, for violations of the 14th Amendment due process and equal protection and pursuant to 42 U.S.C. § 1983, Plaintiffs demand compensatory damages from the District/Board in the amount of $2,000,000.00, punitive damages in the amount of $500,000.00, injunctive relief, attorney fees, costs and any other relief this Court may deem as fair and equitable.

## SIXTH CAUSE OF ACTION
### (STATE CLAIM: NEGLIGENCE AGAINST DISTRICT/BOARD)

85. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

86. Plaintiffs state that the District/Board negligently hired and continued the employment of the Defendants without proper evaluations and training.

87. The District/Board knew or should have known that their actions violated Plaintiffs' rights.

88. Defendant District/Board were clearly negligent in employing and improperly training Defendants' Employees on the rights of student athletes.

89. **WHEREFORE**, Plaintiffs demand compensatory damages of $300,000.00, attorney fees, costs, and any other legal relief as this Court deems just and proper.

### SEVENTH CAUSE OF ACTION
### (STATE CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS)

90. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

91. Plaintiff Junior was emotionally distraught as a result of the intentional actions alleged in this complaint and has been placed under medical supervision and counselling.

92. Plaintiff Junior will continue to need medical counseling in the future.

93. **WHEREFORE**, Plaintiffs demand compensatory damages in the amount of $300,000.00, punitive damages in the amount of $200,000.00, injunctive relief and any other legal relief as this Court deems just and proper.

### EIGHTH CAUSE OF ACTION
### (STATE CLAIM: LOSS OF CONSORTIUM AND COSTS AGAINST ALL DEFENDANTS)

94. Plaintiffs reincorporate by reference the allegations set forth above as if fully rewritten herein.

95. Senior and L.C. state that they lost the love and affection of their son, Junior, and were forced to transfer Junior to a school district where he would be safe.

96. Further, Senior and L.C. state that they have spent significant time and resources to comfort and counsel their son.

97. **WHEREFORE**, Plaintiffs demand compensatory damages in the amount of $300,000.00, punitive damages in the amount of $100,000.00, attorney fees, costs, injunctive relief and any other legal relief as this Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/  Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
egilbert@edwardlgilbert.com