IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| K.W. (JUNIOR), et al. | ) | CASE NO.: 5:21-CV-02423 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE CARMEN E. |
| | ) | HENDERSON |
| CANTON CITY SCHOOL DISTRICT, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FED. R.CIV.P. 12(b)(1) AND FAILURE TO STATE A CLAIM UNDER FED. R.CIV.P. 12(b)(6)**

Defendants, Canton City School District,[1] Canton City School District Board of Education ("District" or "Board"), and Jeffery Talbert ("Superintendent") (collectively "School District Defendants"), move the Court to dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. 12(b)(6).

As delineated in the attached Memorandum in Support, this Court lacks jurisdiction over the constitutional claims alleged by K.W. Senior and L.C (collectively "Parents"). As to K.W. Junior's ("Junior") causes of action and the remaining state law claims, the Complaint fails to state a claim upon which relief can be granted. The School District Defendants, accordingly, are entitled to dismissal of all claims against them.

---

[1] The Canton City School District is not an entity capable of suing or being sued. *See infra* Section III(D)(2).

{04021043 -5}

ii

Respectfully submitted,

/s/*Kathryn Perrico*
Kathryn Perrico (Reg. No. 0076565)
  Email: kperrico@walterhav.com
  Direct Dial: 216-928-2948
Maria Fair (Reg. No. 0087745)
  Email: mfair@walterhav.com
  Direct Dial: 216-619-7861
Sara Ravas Cooper (Reg. No. 0076543)
  Email: scooper@walterhav.com
  Direct Dial: 216-928-2898

WALTER | HAVERFIELD LLP
The Tower at Erieview
1301 E. 9th Street, Suite 3500
Cleveland, Ohio 44114
(PH) 216-781-1212
(FAX) 216-575-0911

*Attorneys for Defendants, Canton City School District, Canton City School District Board of Education, and Jeffrey Talbert*

**MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

This matter arises from a May 24, 2021 incident in which seven former coaches ("Former Coaches") participated in the inappropriate discipline of a student athlete who missed an optional football conditioning session. This "discipline" included berating Junior and requiring him to eat pizza, while surrounded by his teammates who were subjected to weight drills until the entire pizza was consumed. Following an immediate investigation substantiating these events, the District promptly fired the Former Coaches from their coaching positions.

Junior and his Parents now sue the Board and its Superintendent ("School District Defendants"), alleging violations of the First and Fourteenth Amendments, a *Monell* failure-to-train claim, and various state causes of action. These claims fail for three reasons: **First,** constitutional allegations under Section 1983 are personal to the alleged victim; accordingly, Parents lack standing to assert their own claims arising from the aforementioned incident. **Second,** the Complaint fails to plead operative facts suggesting the School District Defendants knew and tacitly approved of a clear and persistent pattern of misconduct by the Former Coaches. Thus, even Junior's constitutional causes of action must be dismissed for failure to state a claim. **Finally,** the School District Defendants – sued in their official capacities only – are statutorily immune from Plaintiffs' state law claims under R.C. § 2744.02.

In short, the District immediately conducted a thorough and comprehensive investigation, promptly leading to the Former Coaches' swift dismissal from their posts. The School District Defendants cannot be held liable for misconduct they knew nothing about and immediately

addressed at the earliest opportunity. As explained further below, this Court should dismiss all claims against the School District Defendants for lack of jurisdiction and failure to state a claim.

## II. ALLEGED FACTS

### A. The May 24, 2021 Incident and its Aftermath.

Plaintiffs' allegations are fairly straightforward. They allege that on May 24, 2021, the Former Coaches ordered Junior to eat a pepperoni pizza as punishment for failing to appear at an off-season class the previous week. (Complaint ("Comp.") ¶¶ 34, 37, ECF#1 PageID 6.) In addition, according to the Complaint, the Former Coaches directed Junior's teammates to perform strength exercises with 40-pound weights until the pizza was finished. (Comp. ¶¶ 36, 44, ECF#1, PageID 6-7.) Plaintiffs allege the Former Coaches knew that Junior's religious beliefs precluded him from consuming pork products, and eventually permitted him to remove the pepperoni slices. (Comp. ¶¶ 32, 42, ECF#1, PageID 6-7.) The Former Coaches allegedly forced Junior to eat the pork-residue grease pizza under threat of dismissal from the football program. (Comp. ¶ 43, ECF#1, PageID 7.)

The District investigated the matter and terminated the Former Coaches on June 3, 2021, less than two weeks after the incident. (Comp. ¶¶ 53, 55 ECF#1, PageID 8.) According to the Complaint, the Former Coaches admitted to previously disciplining athletes by requiring them to eat miscellaneous products. (Comp. ¶48 ECF#1, PageID 7.) Thereafter, Junior allegedly experienced threats and ridicule, leading him to leave the District. (Comp. ¶¶ 56-57 ECF#1, PageID 8.)

### B. Allegations Wholly Absent from the Complaint.

The Complaint's omissions are glaring and legally fatal to Plaintiffs' claims. **First,** Plaintiffs do not allege any conduct directed towards Parents themselves. For example, no

operative facts suggest that the School District Defendants (or any District employee) treated Parents differently based on protected characteristics or compromised Parents' religious observances or dietary restrictions.

**Second**, Plaintiffs allege no operative facts indicating that: (1) the Former Coaches had a clear and persistent pattern of disciplining athletes in a way that violates their religious beliefs or discriminates based on protected class; and (2) that the Board knew and tacitly approved of such discipline. Instead, the Complaint alleges only that the Former Coaches stated they previously and routinely disciplined athletes "by requiring them to eat miscellaneous products for breaking rules and regulations of the football team." (Comp. ¶ 48; ECF#1, PageID 7.) Even if true, directing students to eat various foods would not violate religious or other constitutional rights as a matter of course. To be clear, no allegations suggest that the Former Coaches customarily or habitually violated athletes' religious rights, much less that the School District Defendants knew and approved of such violations.

**Third,** no operative facts suggest an exception to the School District Defendants' statutory immunity under Ohio Revised Code § 2744.02. For example, no allegations indicate injuries caused by negligent motor vehicle operation, failure to maintain public roads, or physical defects in the District's facilities.

**Finally**, the Complaint does not state specific factual allegations indicating bodily injury, as needed for Parents' loss of consortium claim. In short, this Complaint does not plead operative facts sufficient to invoke this Court's jurisdiction over Parents' counts of action or to state a claim as to Junior's allegations against the School District Defendants. Accordingly, all claims against the School District Defendants must be dismissed as a matter of law.

### III. LAW AND ARGUMENT

#### A. Standard of Review for Fed. R. Civ. P. 12(b)(1) Motion.

Parents' constitutional deprivation claims must be dismissed for lack of standing. In considering challenges to standing, federal courts apply the Fed. R. Civ. P. 12(b)(1) standard for lack of subject-matter jurisdiction. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir.2008). A facial attack on subject matter jurisdiction challenges the pleading's sufficiency, while a factual attack challenges the actual existence of jurisdiction. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir.2014). When considering a factual challenge, courts enjoy broad discretion in considering and weighing extrinsic evidence to determine their authority to review the case. *Id*., 759-60. Moreover, under a factual challenge, a complaint's allegations are not afforded a presumption of truthfulness. *Ohio Natl. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). Rather, the party opposing dismissal bears the burden of proving subject matter jurisdiction. *Cartwright* 751 F.3d at 760.

Here, Parents have no standing to assert constitutional causes of action based on the events that allegedly happened to their son. As delineated below, this Court lacks jurisdiction over such claims as a matter of law.

#### B. This Court Lacks Jurisdiction Over All Constitutional Claims Asserted by Parents.

Because Parents allege conduct directed only at Junior, they lack standing to assert their own Section 1983 claims arising from the May 24th incident. To establish standing, Parents must allege: (1) they suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) their injury is fairly traceable to the challenged action; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *McGlone v. Bell*, 681 F.3d 718, 729 (6th Cir. 2012); *Parsons v. U.S. Dep't of*

{04021043 -5}

4

*Justice*, 801 F.3d 701, 710 (6th Cir. 2015). "The burden of establishing standing is on the party seeking federal court action. Therefore, that party must 'clearly and specifically set forth facts sufficient to satisfy those Article III standing requirements.'" *Rosen v. Tenn. Com'r of Finance & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002).

Constitutional claims against state officials and local government entities can only be brought via Section 1983. *Jordan v. Moore*, 205 F.3d 1340 (6th Cir. 2000); *Sanders v. Prentice-Hall Corp.*, 178 F.3d 1296 (6th Cir. 1999.) By its own terms, however, Section 1983 applies only to the injured party himself. 42 U.S.C. § 1983; *Jaco v. Bloechle,* 739 F.2d 239, 241 (6th Cir. 1984) ("Accordingly, it is an action *personal* to the injured party") (emphasis in the original).

Thus, courts in the Sixth Circuit routinely dismiss constitutional deprivation claims asserted by a victim's family members, with exceptions permitted only for representatives of a decedent's estate. *See e.g. LeFever v. Ferguson*, 645 F. App'x 438, 448 (6th Cir. 2016); *Moreno v. Metro. Gen. Hosp.,* 210 F.3d 372 (6th Cir. 2000)(table); *Tober v. Medina Cty., Ohio*, No. 1:18CV1847, 2019 WL 951170, at *4 (N.D. Ohio Feb. 27, 2019); *Winston v. City of Cleveland*, No. 1:14 CV 2670, 2016 WL 397971, at *2 (N.D. Ohio Feb. 2, 2016); *Peterson v. Ne. Loc. Sch. Dist.*, No. 3:13CV00187, 2014 WL 2095380, at *16 (S.D. Ohio May 20, 2014), *report and recommendation adopted,* No. 3:13-CV-187, 2014 WL 4628544 (S.D. Ohio Sept. 15, 2014).

Collateral harm to a victim's family members simply cannot support a federal cause of action under Section 1983. *Foos v. City of Delaware*, 492 F. App'x 582, 593 (6th Cir. 2012); *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) ("[N]o cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members."); *Craft v. Ohio Dep't of Rehab.*, No. 1:14 CV 1682, 2015 WL 2250667, at *3 (N.D. Ohio May 13, 2015).

{04021043 -5}

Albeit somewhat unclear, Parents' First, Second, and Fourth causes of action allege claims on their own behalf under Section 1983. (Comp. ¶¶ 63, 69, 78, ECF#1 PageID 9.) Specifically, Parents contend Plaintiffs have a right to personal security and integrity. (*Id.*, ¶ 61; ECF#1 PageID 8.) They claim the School District Defendants' actions violated Plaintiffs' sincere religious beliefs, constituted race-based harassment, and caused them to transfer Junior to another school district, in violation of the Fourteenth Amendment. (Comp. ¶¶ 63, 68, 76-77; ECF#1 PageID 9-10.) Because Parents do not allege operative facts suggesting conduct directed at them personally, they cannot maintain their own claims under Section 1983. Collateral harm, such as moving or transferring a child to a new school, is not cognizable under Section 1983 as a matter of law. Accordingly, Parents' constitutional claims must fail for lack of standing and the absence of this Court's jurisdiction.[2]

### C. Standard of Review for Fed. R. Civ. P. 12(b)(6) Motion.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible on its face only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556. A court need not accept as true legal conclusions or unwarranted factual inferences. *Green v. City of Southfield, Michigan*, 759 F. App'x 410, 413

---

[2] Parents' Eighth Cause of Action is a derivative state law claim for loss of consortium that fails for two reasons: failure to allege bodily harm and the absence of any surviving constitutional claims. *See supra* Section H; *Boyer v. Lacy*, 665 F. App'x 476, 485 (6th Cir. 2016) (state law claim for loss of consortium survives only if any plaintiff's Section 1983 claim survives.)

{04021043 -5}

6

(6th Cir. 2018) Further, even pleading facts consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to avoid dismissal. *Iqbal*, 129 S.Ct. at 1949.

Ultimately, a complaint must include "allegations respecting all the material elements under some viable legal theory." *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019.) Neither implausible allegations nor legal conclusions disguised as factual claims are entitled to the presumption of truth. *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009.) Finally, "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988.)

Here, the Complaint's operative facts do not begin to approach the *Twombly /Iqbal* standard, much less meet it. As explained below, no specific factual allegations plausibly indicate that the Board knew and tacitly approved of the very misconduct for which the Board swiftly relieved the Former Coaches of their coaching positions. Plaintiffs offer only naked legal conclusions and unadorned "defendant-unlawfully-harmed-me" assertions, neither of which can survive a motion to dismiss as a matter of law. *See Iqbal*, 556 U.S. at 678.

### D. The Superintendent and the District Must Be Dismissed as a Matter of Law.

As explained below, neither the Superintendent nor the "Canton City School District" are appropriate party defendants in this matter; both must be dismissed from suit.

#### *1. Claims against Superintendent Talbert should be dismissed as redundant of claims against the Board.*

Federal courts treat claims against government agents in their official capacities as identical to claims against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") Accordingly, Ohio's federal courts routinely

dismiss suits against school administrators named in their official capacities before discovery. *Mayle v. Brunswick City Sch. Dist. Bd. of Educ.,* No. 1:18CV475, 2019 WL 125694, at *2 (N.D. Ohio Jan. 8, 2019) (dismissing claims against individual administrators); *Gurish v. Ohio Dep't of Mental Retardation & Developmental Disabilities,* No. 1:10CV02292, 2012 WL 2931357, at *4 (N.D. Ohio July 18, 2012), *modified on reconsideration,* No. 1:10CV02292, 2012 WL 3649359 (N.D. Ohio Aug. 23, 2012); *Y.S. v. Bd. of Educ. of Mathews Loc. Sch. Dist.,* 766 F. Supp. 2d 839, 842 (N.D. Ohio 2011) (dismissing superintendent on motion for judgment on the pleadings).

Plaintiffs sued Superintendent Talbert in his official capacity only. (Complaint Caption, ECF#1, PageID 1). Further, the Complaint alleges no operative facts referencing Superintendent Talbert's personal actions or inactions. In fact – aside from the caption – Superintendent Talbert is not mentioned at all in this Complaint. Because Plaintiffs sued this administrator only in his official capacity and allege no operative facts specific to him personally, Superintendent Talbert should be dismissed from this suit. As a matter of law, all claims against him are redundant as claims against the Board.

### 2. The Canton City School District is a geographical area, not a legal defendant.

Under Ohio law, boards of education are capable of suing and being sued. R.C.§ 3313.17. School districts, however, are not proper defendants and are routinely dismissed at the earliest opportunity. *Noble v. Young Men's Christian Ass'n of Cent. Ohio*, No. 2:19-CV-5094, 2021 WL 615220, at *2 (S.D. Ohio Feb. 17, 2021) ("This Court has consistently held that under Ohio law, a school district does not exist and is not *sui juris*."); *Bushong v. Delaware City Sch. Dist.*, No. 2:19-CV-858, 2020 WL 419754, at *4 (S.D. Ohio Jan. 27, 2020), *aff'd on other grounds*, 851 F. App'x 541 (6th Cir. 2021);*Wortham v. Akron Pub. Sch.*, No. 5:08CV233, 2008

WL 762530, at *2 (N.D. Ohio Mar. 20, 2008); *Shilander v. Cleveland Mun. Sch. Dist.,* No. 1:04 CV 2031, 2006 WL 8429740, at *4 (N.D. Ohio Sept. 30, 2006)

Unlike the Board of Education, the Canton City School District is not a property party defendant in this matter. Accordingly, this Court should dismiss both the Canton School District and Superintendent Talbert from this suit as a matter of law.

### E. All Constitutional Claims Against the School District Defendants – and the Board, Specifically – Fail Because the Complaint Does Not Plead a Pattern of Misconduct that the Board Knew of and Approved.

All claims against the Board – the sole remaining School District Defendant – must be dismissed because Plaintiffs allege no operative facts suggesting the Board knew and tolerated the Former Coaches' misconduct. A municipality does not bear legal responsibility for constitutional violations committed by its staff members simply because it employed them. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978) ("In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Instead, a successful plaintiff must show that the government entity itself is the wrongdoer. *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.,* 103 F.3d 495, 507 (6th Cir. 1996).

There are four methods, or theories, that plaintiffs generally use to allege municipal liability. Specifically, successful plaintiffs must plausibly plead operative facts to show either: (1) an illegal official policy; (2) that an official with final decision making authority ratified illegal actions; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence to federal rights violations. *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014).

As relevant here, to allege school board liability for inaction – the last of the above theories – a student must plead operative facts indicating: (1) a clear and persistent pattern of violating constitutional rights; (2) notice or constructive notice to the school board; (3) the Board's tacit approval of the unconstitutional conduct, amounting to an official policy of inaction; and (4) that the Board's custom of inaction was the moving force or a direct causal link in the constitutional deprivation. *Mohat v. Mentor Exempted Vill. Sch. Dist. Bd. of Educ.*, No. 1:09 CV 688, 2011 WL 2174671, at *8 (N.D. Ohio June 1, 2011), citing *Doe*, 103 F.3d at 508. Moreover, notice or constructive notice will not be found if plaintiff alleges only four or less similar incidents of misconduct. *D'Ambrosio v. Marino*, 747 F.3d at 388.

When plaintiffs fail to aver specific factual allegations supporting each above element, Ohio's federal courts promptly dismiss claims against the municipality before discovery. *See e.g., D'Ambrosio v. Marino*, 747 F.3d at 388; *Noble* 2021 WL 615220, at *8; *Feucht v. Triad Loc. Sch. Bd. of Educ.*, 425 F. Supp. 3d 914, 934 (S.D. Ohio 2019); *M.T. v. Benton-Carrol-Salem Loc. Sch. Dist.*, No. 16-CV-2552, 2017 WL 2119346, at *3 (N.D. Ohio May 16, 2017); *Mohat,* 2011 WL 2174671, at *8; *Walker v. Detroit Pub. Sch. Dist.*, No. 10-12596, 2010 WL 5146330, at *5 (E.D. Mich. Dec. 13, 2010); *Shilander v. Cleveland Mun. Sch. Dist.*, No. 1:04 CV 2031, 2006 WL 8429740, at *4 (N.D. Ohio Sept. 30, 2006).

The *Noble* Court, for example, dismissed the Columbus City School District Board of Education from plaintiff's suit alleging a teacher raped him during the Board's summer program. 2021 WL 615220, at *8. The Court found that plaintiff's perfunctory recitations of a clear and persistent pattern of sexual abuse and the Board's custom of failing to investigate were insufficient to plead municipal liability. *Id*. Specifically, the Court noted that "in his Complaint Plaintiff fails to note any other instances of sexual abuse *and* that in response to these instances the Board took no action." *Id*. (emphasis in the original.)

{04021043 -5}

10

Likewise, in *Mohat*, the Court dismissed inaction claims against the school board alleging that peer-on-peer bullying led to a student's suicide. *Mohat,* 2011 WL 2174671, at *8. Specifically, the Court noted that plaintiff parents failed to plausibly allege the board's notice of the harassment or that it would likely lead to suicide. *Id*. Allegations that one teacher knew about the bullying or that administrators could have seen messages about the harassment were insufficient, as were allegations about other student deaths. *Id*. Because the complaint did not allege specific facts showing the board itself knew about the bullying and the consequent likelihood of suicide, the Court dismissed parents' claims against the board. *Id*.

Here, as in *Noble* and *Mohat*, Plaintiffs do not aver specific factual allegations showing that the Board had notice or constructive notice of any previous constitutional violations by the Former Coaches. Instead, the Complaint alleges only that the Former Coaches acknowledged "they had previously and routinely punished their football players by requiring them to eat miscellaneous products for breaking rules and regulations of the football team." (Comp. ¶ 48; ECF#1, PageID 7.) Even if true, the above allegation does not demonstrate any constitutional violations, much less a clear and consistent pattern of such violations. Although Plaintiffs summarily conclude the Board "was aware of this practice," no operative facts suggest the Board knew of any constitutional violations in its athletic department. (*Id.* ¶ 49.) For example, Plaintiffs do not contend that other parents or athletes filed complaints about the Former Coaches' conduct in previous years. Likewise, they do not allege that any previous investigations uncovered inappropriate discipline or constitutional deprivations in the District generally, or in the football program specifically.

In fact, Plaintiffs admit the Board terminated the Former Coaches' employment less than two weeks after the incident. (Comp. ¶¶ 53, 55 ECF#1, PageID 8.) No factual allegations suggest that the Board immediately fired the Former Coaches for this misconduct, but somehow

{04021043 -5}
11

ignored a clear and persistent pattern of similar violations in the past. In short, Plaintiffs do not plead facts indicating the Board's notice of **any** constitutional infractions, much less a clear and persistent pattern of such deprivations tacitly approved of by the Board. In light of these omissions, Plaintiffs' constitutional claims against the Board are nothing but naked "defendant-unlawfully-harmed-me" accusations, which cannot survive dismissal as a matter of law. *See Iqbal*, 556 U.S. at 678.

### F. Plaintiffs' Failure to Train Claim Likewise Cannot Survive Dismissal As a Matter of Law.

As with their inaction claim against the Board, Plaintiffs' related failure-to-train claim must also fail for lack of well-pled operative facts. Properly pleading a policy of inadequate training is one of the aforementioned options for plaintiffs seeking to allege municipal liability. *D'Ambrosio v. Marino*, 747 F.3d at 386. However, such claims will be dismissed unless plaintiffs specifically allege operative facts showing either that the school: (1) failed to act in response to repeated complaints of constitutional violations or; (2) consciously never acted when confronted with employees' egregious and obviously unconstitutional conduct. *M.T. v. Benton-Carrol-Salem Loc. Sch. Dist.,* No. 16-CV-2552, 2017 WL 2119346, at *3 (N.D. Ohio May 16, 2017), citing *Arendale v. City of Memphis*, 519 F.3d 587, 600 (6th Cir. 2008). Further, claims of inadequate training must be supported by allegations showing the board's deliberate indifference and causal relationship to the harm. *Id*.

Here, Plaintiffs do not plead specific factual allegations showing the Board's failure to respond to repeated complaints or deliberate indifference to unconstitutional conduct. Plaintiffs do not plausibly plead operative facts suggesting the Board even knew about the Former Coaches' food-related disciplinary practices, much less that these violated athletes' religious rights. No allegations suggest previous complaints or investigations that should have brought

these infractions to the Board's attention. No allegations suggest that athletes, parents, or other community members raised constitutional concerns related to the football program at Board meetings or other events. In fact, the only plausible, specific allegation pled by Plaintiffs indicates that the Board immediately investigated the staff members responsible for Junior's inappropriate discipline and swiftly relieved them of their coaching positions. (Comp. ¶ 55 ECF#1, PageID 8.) As such, the fifth cause of action must be dismissed as a matter of law against the School District Defendants as it is wholly unsupported by the Complaint's operative facts.

### G. The School District Defendants Are Statutorily Immune as a Matter of Law from Plaintiffs' State Law Claims.

With several exceptions, R.C. §2744.02 shields political subdivisions, including boards of education, from various torts and personal injury claims. R.C. §2744.02(A)(1). Exceptions apply only to suits alleging negligence in motor vehicles operations, public road upkeep, buildings defects, proprietary functions, or when civil liability is expressly imposed by another Revised Code provision. R.C. § 2744.02(B)(1)-(5).

Importantly, no exceptions to such immunity apply to allegations of intentional infliction of emotional distress ("IIED"), negligence, or negligent hiring.[3] Courts in the Sixth Circuit, accordingly, dismiss such claims against Ohio's school districts and other political subdivisions at the earliest opportunity, and certainly before discovery. *See e.g. Fuller v. Cuyahoga Metro. Hous. Auth.,* 334 F. App'x 732, 736 (6th Cir. 2009) (affirming dismissal of IIED claim under

---

[3] In addition, Plaintiffs' allegations against the School District Defendants do not meet Ohio's narrow definition of extreme and outrageous conduct necessary to state a claim for IIED. *See Mayle,* 2019 WL 125694 at *3 ("[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement. Liability has been found only where the conduct has been so outrageous, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (internal citations omitted). Plaintiffs' Complaint is devoid of any allegations in this regard.

{04021043 -5}

13

Fed.R.Civ.P.12(b)(6)); *Doe 1 v. Cleveland Metro. Sch. Dist. Bd. of Educ.,* No. 1:20-CV-01695, 2021 WL 1334199, at *6 (N.D. Ohio Apr. 9, 2021) (school board immune from negligent hiring and supervision claims on motion to dismiss); *T.W. v. Finneytown Loc. Sch. Dist.*, No. 1:18-CV-668, 2019 WL 4928894, at *4 (S.D. Ohio Oct. 7, 2019) (school board immune from negligence and IIED claims on motion to dismiss); *Est. of Olsen v. Fairfield City Sch. Dist. Bd. of Educ.,* 341 F. Supp. 3d 793, 812 (S.D. Ohio 2018) (dismissing IIED claims against school board on Fed.R.Civ.P 12(b)(6) motion); *M.T. v. Benton-Carrol-Salem Loc. Sch. Dist*, 2017 WL 2119346, at *5 (school board immune from negligent hiring, training, supervision claims on motion to dismiss); *Y.S. v. Bd. of Educ. of Mathews Loc. Sch. Dist.,* 766 F. Supp. 2d at 842 (school board immune from negligence, IIED claims on motion for judgment on the pleadings.)

Here, Plaintiffs do not allege any operative facts suggesting an exception to the Board's statutory immunity. They do not claim Junior's harms resulted from negligent motor vehicle operation, negligent public road maintenance, or physical defects in the Board's buildings. Plaintiffs also do not claim any Ohio Revised Code provision expressly imposes civil liability on the Board or that the Former Coaches' misconduct involved a proprietary function. *See Elston v. Howland Loc. Sch.,* 2007-Ohio-2070, ¶ 10, 113 Ohio St. 3d 314, 317, 865 N.E.2d 845, 849 ("[T]he 'operation of any school athletic facility, school auditorium, or gymnasium' are governmental functions."). Accordingly, the School District Defendants are immune from Plaintiffs' state-law claims alleging negligent hiring and IIED as a matter of law.

### H. Plaintiffs' Derivative Claim for Loss of Consortium Must Fail.

In their eighth cause of action, Parents allege loss of consortium; however, this is a derivative claim and cannot survive after Plaintiffs' remaining constitutional claims are dismissed. *Y.S. v. Bd. of Educ. of Mathews Loc. Sch. Dist.,* 766 F. Supp. 2d 839, 845 (N.D. Ohio 2011). Moreover, failure to allege bodily injury is fatal to a loss of consortium claim. *Peterson,*

{04021043 -5}

14

2014 WL 2095380 at *16; *Smith v. Bd. of Trustees Lakeland Cmty. Coll.,* 746 F. Supp. 2d 877, 904 (N.D. Ohio 2010). Plaintiffs do not allege bodily injury within their Complaint. And as outlined in detail above, none of their constitutional or state law claims survive against the School District Defendants. For both reasons, this Court must dismiss the eighth cause of action against the School District Defendants as a matter of law.

## IV. CONCLUSION

Parents lack standing to assert their own constitutional claims before this Court and as such, their claims against the School District Defendants must be dismissed as a matter of law pursuant to Fed.R.Civ.P. 12(b)(1). Likewise, Junior's causes of action against the School District Defendants must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim in addition to the Board's statutory immunity. For this and all other reasons delineated above, the School District Defendants respectfully request this Court dismiss all claims against them in full as a matter of law.

Respectfully submitted,

/s/*Kathryn Perrico*
Kathryn Perrico (Reg. No. 0076565)
  Email: kperrico@walterhav.com
  Direct Dial: 216-928-2948
Maria Pearlmutter (Reg. No. 0087745)
  Email: mpearlmutter@walterhav.com
  Direct Dial: 216-619-7861
Sara Ravas Cooper (Reg. 0076543)
  Email: scooper@walterhav.com
  Direct Dial: 216-928-2898

WALTER | HAVERFIELD LLP
The Tower at Erieview
1301 E. 9th Street, Suite 3500
Cleveland, Ohio 44114
(PH) 216-781-1212
(FAX) 216-575-0911

*Attorneys for School District Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this case is currently unassigned to a case management track and, therefore, is subject to the 20-page limitation set forth in L.R. 7.1(f). Accordingly, *School District Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1) and Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)* complies with that page limitation.

/s/Kathryn Perrico
*One of the Attorneys for School District Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Kathryn Perrico
*One of the Attorneys for School District Defendants*