UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| K.W. (JUNIOR), ET AL., | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Plaintiffs, | ) | CASE NO.: 5:21-CV-02423 |
| | ) | |
| vs. | ) | **ORDER AND DECISION** |
| | ) | (Resolving Doc. 10) |
| CANTON CITY SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before this Court is Defendants' Canton City School District ("School District"), Canton City School District Board of Education ("the Board") and Jeffrey Talbert ("Talbert") (collectively "School District Defendants"), motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R. 12(b)(1) and for failure to state a claim under Fed.R. 12(b)(6). Doc. 10. Plaintiffs, K.W. ("Junior") and his parents, K.W. ("Senior") and L.C., have filed their Opposition to the Motion (Doc. 18) and School District Defendants have replied (Doc. 21). For the reasons set forth below, the Court GRANTS School District Defendants' motion in part and DENIES it in part. (Doc. 10).

I. STATEMENT OF FACTS

Plaintiffs allege that on May 24, 2021, Junior, a member of the Canton McKinley Football Program, attended a mandatory weight class for his high school football team. Doc. 1, ¶¶26, 34.

1

At this practice, the team's Former Coaches ("Former Coaches") ordered Junior to eat a pepperoni pizza as punishment for failing to appear at an earlier practice. Doc. 1, ¶¶ 34, 37. Junior is a member of the Hebrew-Israelite religious faith. Doc. 1, ¶27. Plaintiffs allege that Junior objected to eating the pepperoni pizza. Doc. 1, ¶38. The Former Coaches told Junior he could remove the pepperoni from the pizza, but that he had to eat it or potentially be removed from the team. Doc. 1, ¶42, 43. During this time, Junior's teammates were conducting strength exercises. Doc. 1, ¶44. Junior's teammates could only stop the exercises once Junior finished the pizza. Doc. 1, ¶¶44, 45. Junior removed the pepperoni, but the pork residue remained. Doc. 1, ¶¶42, 46. Junior ate the pizza, including the pork residue, against his religious beliefs. Doc. 1, ¶46. Junior's parents raised the issue to the District and the Board, prompting an investigation. Doc. 1, ¶¶51, 53. After a two-week investigation, the District and the Board terminated the Former Coaches. Doc. 1, ¶¶ 53, 55. Thereafter, Junior allegedly experienced threats and ridicule from his teammates and the general public and subsequently left the District. Doc. ¶¶ 56-57.

Plaintiffs filed the instant matter against various defendants, alleging violations of the First and Fourteenth Amendments, a *Monell* failure-to-train claim, and various state causes of action. This Order addresses the School District Defendants only.

II.   **FAILURE TO STATE A CLAIM, FED.R. 12(b)(6)**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

    A.    **Analysis**
        a)    **Superintendent Jeffrey Talbert**

The School Board Defendants contend that Plaintiffs' claims against Talbert in his official capacity should be dismissed as redundant of the claims against the Board. Doc. 10, p. 9. The

3

Court agrees. In this case, Plaintiffs do not assert any claims against Talbert in his individual capacity.

Official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166, citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Therefore, Plaintiffs' claims against Talbert in his official capacity are dismissed as duplicative of claims against the Board. *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003).

### b) Canton City School District

The School Board Defendants contend that the School District is a geographical area, not a legal defendant, and should be dismissed. This Court agrees.

In Ohio "a school district does not exist and is not sui juris." *Estate of Olsen v. Fairfield City Sch. Dist. Bd. of Educ.*, 341 F. Supp.3d 793, 799 (S.D. Ohio Sept. 21, 2018); See also, *Wortham v. Akron Pub. Sch.*, No. 5:08CV233, 2008 U.S. Dist. LEXIS 22253, at *4 (N.D. Ohio Mar. 20, 2008), quoting *Carney v. Cleveland Heights-University Heights City School District*, 143 Ohio App.3d 415, 424, 758 N.E.2d 234, 241 (Ohio App. 2001). Thus, the School District is not a legal entity which is capable of being sued. See, *Id*. Plaintiff's claims against the School District are dismissed.

### c) Canton City School District Board of Education

The School Board Defendants assert that "no specific factual allegations plausibly indicate

4

that the Board knew and tacitly approved of the very misconduct for which the Board swiftly relieved the Former Coaches of their coaching positions." Doc. 10, p. 9.

In Counts One, Two, Three, and Four, Plaintiffs assert constitutional violations against "Defendants" generally. To the extent that "Defendants" includes the Board, none of these claims set forth *any* fact or claim that the Board *directly* violated Plaintiffs' constitutional rights. Rather, these claims rely on the actions taken by the individual Former Coaches. Accordingly, Counts One through Four are dismissed as to the Board.

In Count Five, Plaintiffs assert a claim against the Board under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91, 98 (1978). A municipality may be liable for a "constitutional deprivation" under 42 U.S.C. § 1983 if that deprivation is "visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision making channels." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91, 98 (1978). A municipality, however, cannot be held liable "solely because it employs a tortfeasor." *Id.*

A plaintiff asserting municipal liability must adequately plead three elements to survive a motion to dismiss brought pursuant to Rule 12(b)(6). A plaintiff must plead: (1) that a violation of a federal right took place; (2) that the defendant(s) acted under color of state law; and (3) that a municipality's policy or custom caused that violation to happen. *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 660 (6th Cir. 2014) (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir.2008)). In other words, a plaintiff "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694).

5

Here, Plaintiffs alleged that the Board violated his due process and equal protection rights under the Fourteenth Amendment by establishing a policy, procedure, and custom of allowing its employees to punish student athletes by forcing them to eat foods despite religious restrictions. Plaintiffs further contend that the Board failed to train, supervise, and monitor its employees. Doc. 1, ¶79-84. At this stage, Plaintiffs have alleged sufficient facts to survive a motion to dismiss Count Five. *Ashcroft*, supra. Therefore, the School District Defendants' motion as to Count Five is denied.

Plaintiffs' Sixth (negligence), Seventh (intentional infliction of emotional distress) and Eighth (loss of consortium) Counts assert various violations of state law. The Board accurately argues that under Ohio law, it is statutorily immune to these claims as a matter of law. Doc. 10, p. 13; Ohio Rev. Code §2744.02. Under R.C. §2744.02, "a political subdivision is not liable in damages in a civil action for injury, death, or loss to a person or property allegedly cause by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. §2744.02(A)(1). 2744.01

While there are exceptions to this general immunity, none of these exceptions apply to Plaintiffs' claims. See R.C. §2744.02(B)(1)-(5).[1] In Count Six, Plaintiffs allege that the Board negligently hired and trained Defendants. In Count Seven, Plaintiffs allege that Junior was emotionally distraught because of the intentional actions alleged in this complaint and is under

---

[1] Exceptions apply to suits alleging negligence while operating a motor vehicle, with respect to proprietary functions, public road upkeep, building defects, or when civil liability is expressly imposed by another code section. R.C. §2744.02(B)(1)-(5).

6

medical supervision and counseling. In Count Eight, Plaintiffs allege that Plaintiffs Senior and L.C. lost the love and affection of their son because they had to transfer him to a different district for his safety.

In opposition, Plaintiffs contend the Board is not entitled to immunity because immunity is removed if "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. §2744.03 (A)(6)(b). However, this exception is only applicable to an individual employee of the political subdivision acting within the scope of their employment; not the political subdivision itself or to employees in their official capacities. Id.; *Chesher v. Neyer*, 477 F.3d 784, 797 (6th Cir. 2007); *Ruffin v. Cuyahoga Cnty.* No. 1:16CV00640, 2016 U.S. Dist. LEXIS 117398, 2016 WL 4543144 at fn. 3 (N.D. Ohio Aug. 31, 2016).

At issue in this Order is whether the Board is subject to immunity under Plaintiffs' claims. Plaintiff sued the Board in its official capacity. As such, the exception in R.C. §2744.03(A)(6)(b) does not apply.[2] Counts Six through Eight are hereby dismissed as to the Board.

### III. Lack of Subject Matter Jurisdiction, Fed. R. 12(b)(1)

The Sixth Circuit has recognized that there are generally two types of challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1): facial challenges and factual challenges. *Gentek Bldg. Prods., Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "A Rule 12(b)(1) motion

---

[2] The Court notes that Plaintiff sued the individual Former Coaches in their official and individual capacities. However, this Order does not encompass any claims against the Former Coaches.

7

can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence[.]" *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "[W]here subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (original emphasis).

### A. Analysis

Here, the School District Defendants argue that the parents do not have a legally cognizable injury to assert a claim under Section 1983 law, and therefore, they lack standing to bring such a claim. The Court agrees.

Plaintiffs confirm that Senior and L.C.'s only causes of action are Counts Four and Count Eight. Specifically, Count Four "asserts a claim on behalf of Senior and L.C., based upon their injuries in being forced to move their son to another school because of Defendants' actions." Doc. 19, p. 4. The School District Defendants seek dismissal of Count Four on the ground that this alleged harm was collateral to the alleged harm to Junior's constitutional rights.

In the Sixth Circuit, a section 1983 action is personal to the direct victim of the alleged constitutional tort. *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). "Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim." *Id.* The Sixth Circuit has specifically held that "no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Foos v. City of Delaware,* 492 F. App'x 582, 593 (6th Cir. 2012) (quoting *Claybrook,* at 357). Rather, these are properly raised as a state tort

law cause of action. *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010).

In the instant case, Junior is the direct victim of the School Districts Defendants alleged constitutional tort; forcing him to eat the pepperoni pizza. In their opposition, Plaintiffs confirm that the harm in Count Four was caused by the Defendants' actions. Senior and L.C. improperly attempt to claim damage based on ***their voluntary decision*** to transfer Junior to a different school. This is not a separate constitutional harm, but rather stems from the backlash Junior perceived based upon the School District Defendants' alleged violations of ***his*** constitutional rights. Thus, any harm to L.C. and Senior is collateral. Further, Plaintiffs contend that the Defendants' actions caused separation of their family. Doc. 1, ¶76. The Sixth Circuit has held that § 1983 does not provide a plaintiff a remedy for deprivation of the "right to familial relationships." *Foos*, 492 F. App'x at 593. Accordingly, Count Four is dismissed.

### IV. CONCLUSION

For the reasons set forth above, the Court concludes as follows:

- Plaintiffs' claims against Talbert in his official capacity are dismissed
- Plaintiffs' claims against the School District are dismissed
- Counts One through Four are dismissed as to the Board.
- Counts Six through Eight are dismissed as to the Board
- Count Four is dismissed in its entirety

**IT IS SO ORDERED.**

| | |
|---|---|
| **August 25, 2022** | **/s/ John R. Adams** |
| **Date** | **John R. Adams** |
| | **U.S. District Judge** |