UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| K.W. (JUNIOR), ET AL., | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Plaintiffs, | ) | CASE NO.: 5:21-CV-02423 |
| | ) | |
| vs. | ) | **ORDER AND DECISION** |
| | ) | (Resolving Doc. 47) |
| CANTON CITY SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This Court previously ruled on multiple motions to dismiss, resulting in the dismissal of all Defendants except the Canton City School Board of Education ("the Board"), and the dismissal of all claims except Count Five, Plaintiffs' *Monell* claim against the School Board. Docs. 41, 44. Plaintiffs now ask this Court to reconsider those Orders and for leave to amend the complaint. Doc. 47. The School Board and dismissed Defendants Marcus Wattley, Frank McLeod, Zachary Sweat, Romeo Harris, Cade Brodie, and Tyler Thatcher ("Coaches") opposed the motion. Docs. 54, 56. Plaintiffs replied. Doc. 59.   For the reasons set forth below, the Court DENIES Plaintiffs' motion.

**I.    MOTION FOR RECONSIDERATION**

"The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Regardless, under both common law and Federal Rule of Civil

1

Procedure 54(b), district courts may reconsider interlocutory orders and "reopen any part of a case before entry of final judgment" in order "to afford such relief from [interlocutory orders] as justice requires." *Id.* (internal citations and quotation marks omitted). Reconsidering an interlocutory order is justified when there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.*

In their motion, Plaintiffs take issue with the Court's conclusion that Plaintiffs lumped all the Former Coaches together, without distinguishing the allegations against each individual, and therefore the Complaint does not contain sufficient facts to survive dismissal.[1] Doc. 44, p. 4.

Throughout its order, the Court cited to a plethora of binding case law to support its conclusion. In their motion for reconsideration, Plaintiffs do not cite to a single source to establish that the Court's application of law was clear error and thus requires correction. They do not challenge the law that establishes that there is no vicarious liability under §1983 and therefore they must plead which action of which defendant amounted to a constitutional deprivation. Instead, Plaintiffs summarily state without citation or application to law that "[a]ll coaches acted in unison." Doc. 47, p. 2. Plaintiffs do not explain how an argument that the Defendants were acting in "unison" relieves them of the requirement to "allege that each defendant, through that defendant's own actions, 'subject[ed]' him (or 'cause[d]' him to be subjected) to the constitutional deprivation." *Rudd v. City of Norton Shores*, 977 F.3d 503, 512 (6th Cir. 2020). Vicarious liability does not apply to §1983 actions. Id.

---

[1] This is Plaintiffs' sole contention. Plaintiffs do not address the Court's additional reasoning for dismissing various claims.

2

Plaintiffs fail to support or develop their argument that because the Coaches were acting "in unison" they are relieved from the general rule against vicarious liability under §1983. However, the Court recognizes that allegations of a conspiracy can suffice to find an individual defendant liable for a codefendant's actions. Id.

> The Supreme Court has read § 1983's language against the backdrop of common-law tort principles. The common law has long allowed a conspirator to be found liable for a tort committed by a coconspirator in furtherance of the conspiracy. Courts have thus applied this conspiracy rule in the § 1983 context. If [Plaintiff] has plausibly alleged a conspiracy against a defendant, the conspiracy allegation offers "the conceptual spring" for holding that defendant liable for the actions of another defendant. *Farrar v. Cain*, 756 F.2d 1148, 1151 (5th Cir. 1985) (citation omitted).

*Rudd v. City of Norton Shores*, 977 F.3d 503, 512-13 (6th Cir. 2020). Plaintiffs have never plead nor argued a "conspiracy" existed in this case. Plaintiffs never argued, nor does the Complaint support an argument that that "'a single plan' existed, that each 'alleged coconspirator shared in the general conspiratorial objective,' and that 'an overt act was committed in furtherance of the conspiracy[.]'" *Rudd*, 977 F.3d at 517, quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). Instead, Plaintiffs' have consistently argued that their general pleading that a group of individuals performed a tortious act satisfies notice pleading, and that discovery should be permitted to determine which defendant performed which act. Doc. 9, p. 5-6; Doc. 18, p. 5. Plaintiffs have failed to point to any error in the Court's previous rulings, but rather, asks this court to ignore established case law. Plaintiffs' motion for reconsideration is DENIED.

II.     LEAVE TO AMEND

Plaintiffs contend that they should be "given the opportunity to amend the Complaint to identify more clearly each person's involvement." Doc. 47, p. 4. Plaintiffs make this contention

3

without pointing to or applying any law regarding the issue. Further, Plaintiffs do not submit their proposed amended complaint to the Court for review. Denying leave to amend is appropriate if the amendment would be futile. *Dallas v. Chippewa Corr. Facility,* No. 20-1941, 2022 WL 905857, at *5 (6th Cir. Mar. 1, 2022); *Masaebi v. Arby's Corp.,* 852 F. App'x 903, 910 (6th Cir. 2021).

> Although the Federal Rules of Civil Procedure provide that a court should grant a plaintiff leave to amend 'when justice so requires,' Fed. R. Civ. P. 15(a)(2), 'the right to amend is not absolute or automatic,' *Tucker*, 539 F.3d at 551. Where a plaintiff fails to file a motion to amend or a proposed amendment indicating how the plaintiff would amend the complaint, a district court does not abuse its discretion by denying the plaintiff leave to amend. *See, e.g., Crosby v. Twitter, Inc.*, 921 F.3d 617, 627-28 (6th Cir. 2019); *Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 387 (6th Cir. 2017); *Tucker*, 539 F.3d at 551-52; *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003) (concluding that, because no motion for leave to amend was filed and no proposed amendment was submitted, the plaintiffs [*7] 'failed to exercise the due diligence required to take advantage of Rule 15(a)'s dictate that leave to amend shall be freely granted' (internal quotation marks omitted)). We have explained that '[w]ithout viewing [a] proposed amendment, it [is] impossible for the district court to determine whether leave to amend should have been granted.' *Spadafore*, 330 F.3d at 853. And, district courts are not "'required to engage in a guessing game' as to what [the plaintiff] might plead to save her claim." *Tucker*, 539 F.3d at 552 (quoting *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002)).

*Justice v. Petersen*, No. 21-5848, 2022 U.S. App. LEXIS 16888, at *6-8 (6th Cir. June 17, 2022).

Plaintiffs fail to provide this Court with any proposed amendment to establish that amending would not be futile. Notably, the Court's dismissal order set forth other grounds for dismissal, which Plaintiffs do not mention in their instant motion, or explain how an amendment would alleviate these issues. Instead, Plaintiffs assert that

> Plaintiffs should be given the opportunity to amend the Complaint to identify more clearly each person's involvement. The Defendants know what they did. This is not a case of any surprise. This cause of action was filed originally on December 29th, 2021. Since that date, depositions of most of the Defendants have been taken in a separate action where the coaches have sued Plaintiff for defamation in the Stark County Common Pleas Court, *Marcus Wattley, et al. v. John Rinaldi, et al*, (Case

4

> No. 2021 CV 00982). These depositions have finally been taken and transcribed. Although the depositions are inconsistent, the depositions do shed some light on the involvement of each of the coaches.
>
> Therefore, the Court should allow Plaintiffs the opportunity to amend the Complaint to allow more specificity as to the involvement of each coach. Even though the coaches seem to be pointing fingers against each other, their testimony does clarify each person's involvement. Therefore, justice should allow Plaintiffs to amend the complaint.

Doc. 47, p. 4.

Thus, Plaintiffs' motion to amend is based upon deposition testimony provided by various Defendants in a related state court case. Plaintiffs' argument implies that they have in fact reviewed these transcribed depositions and could therefore point to specific examples of how they could distinguish the individual Defendants' actions to alleviate the issue. Yet, at the October 19, 2022 Case Management Conference, a month *after* the instant motion was filed, Plaintiffs' counsel informed the Court that

> It's my understanding in the state case, which I have not been present at any of these depositions, that I'm aware of, that these people have been deposed in a defamation case, I'm told, in a state matter.
>
> THE COURT: But those depositions are available, if need be, for review; right?
>
> MR. GILBERT: It's my understanding they have been transcribed.
>
> THE COURT: Have they been filed in the state case?
>
> MR. GILBERT: I don't know, Your Honor. I'm not a part of -- I'm not counsel in that matter.

Doc. 64, p. 7, line 6-17.

To tailor discovery in this case, the Court questioned the parties about any overlap of discovery from the above referenced state case and the needs in this case. Plaintiffs' counsel further indicated that:

> MR. GILBERT: Your Honor, to be honest with you, I mean, I have not read through the depositions in the state case nor was I present during those -- during the testimony. So I can't speak to what overlap, serious overlap there was. I mean, the issue was defamation. And it seems to me to be a different issue than what we're talking about here. So I would –
>
> THE COURT: Mr. Gilbert, I'm sorry to interject. The depositions are available to you.
>
> MR. GILBERT: Yeah, I don't doubt that, Your Honor. I'm just saying I have not read through those depositions because I just haven't gotten to those depositions. But I – I'm not sure if there is an overlap to the extent that we can submit written interrogatories and them be, you know, clear and straightforward what we're talking about, so.

Doc. 64, p. 7-8, line 19-25, 1-9. As a result, to allow the parties time to review the transcripts, the Court continued the CMC and ordered the parties to file the state court transcripts in this case. The Court ordered that the parties then meet and confer to decide whether there is any need for further depositions, how to limit depositions, or whether the matter could be fully addressed with written discovery. Doc. 64, p. 13, line 5-16.

The Court finds notable that Plaintiffs' counsel denied even knowing the transcripts in the state court had been transcribed, let alone read them.[2] These statements directly contradict Plaintiffs' motion to amend, which implies that Counsel has fully reviewed these depositions such that he could amend the complaint to describe the individual Defendants' actions. Counsels' statements, either in support of the motion to amend or at the CMC are disingenuous at best. This

---

[2] Counsel further states that he was not present at any of the state court depositions. Doc. 64, p. 7, line 21. Upon review of the filed transcripts, Counsel was present at the depositions of Jeffery Talbert (Doc. 76-1, p. 2) and he was present and defended Junior and K.W. at their depositions (Doc. 77-1, p. 2; Doc. 78-1, p. 2). Counsel's statements to this Court contradict the evidence on the record.

6

further supports the Court's conclusion to deny the motion to amend.  "Rule 15's permissive amendment policy should not permit plaintiffs to use the court as a sounding board to discover holes in their arguments" and then fill those holes "by amending their complaint to take account of the court's decision." *O'Donnell v. Yezzo*, No. 3:17CV2657, 2019 U.S. Dist. LEXIS 64964, at *5 (N.D. Ohio Apr. 16, 2019), quoting *Kuyat v. BioMetric Therapeutics, Inc.,* 747 F.3d 435, 445 (6th Cir. 2014). That is exactly what Plaintiffs' motion to amend herein would permit.  Accordingly, Plaintiffs' motion to amend is DENIED.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration and to amend are DENIED.

**IT IS SO ORDERED.**

| | |
|---|---|
| **December 8, 2022** | **/s/ John R. Adams** |
| Date | John R. Adams |
| | U.S. District Judge |